The appellant was convicted of burglary in the third degree and sentenced to sixteen years in the penitentiary. He did not challenge the sufficiency of the State's proof at trial, nor does he argue on appeal that the verdict is unsupported by the evidence. Testimony for the State clearly established that on May 9, 1982, appellant entered and remained unlawfully on the business premises of Mrs. Margaret Foster, with the intent to commit the crime of theft of property.
The only issue presented on appeal is the propriety of appellant's sentence under § 13A-5-9, Code of Alabama 1975, the habitual offender statute. At appellant's sentencing hearing the State introduced evidence of the following three convictions: (1) a 1977 Florida conviction for attempted burglary of a dwelling; (2) a 1980 Colbert County, Alabama, conviction for theft of property in the second degree; and (3) a May 26, 1982, Lauderdale County, Alabama conviction for receiving stolen property in the second degree.
Defense counsel objected to the admission of the first two convictions on the basis that the judgment entries were not properly certified. See Ala. Code §§ 12-21-70, 12-21-67 (1975). The trial court noted that evidence of these convictions had been admitted in "another case," Lauderdale County CC-82-45, and stated the following:
 "THE COURT: I don't think it would be admissible in this case simply because it was admitted in the other case now, but I — on the other hand, it may be admissible on its own merits. Where are the original exemplifications?
 "THE WITNESS: [Circuit Criminal Clerk]: They were mailed in the original transcript to the Court of Criminal Appeals.
 "THE COURT: Is that case [CC-82-45] still pending in the Court of Criminal Appeals?
"THE WITNESS: Yes, sir.
 "THE COURT: I'll reserve a ruling on the objection. . . ." (Emphasis added).
The court subsequently sustained the objection. Thereafter, defense counsel objected to the admission of the third conviction on the ground that it occurred after, rather than before, the commission of the instant *Page 831 
offense. The court overruled this objection and admitted the evidence.
Appellant's May 26, 1982, Lauderdale County conviction should not have been used to enhance his punishment for a crime committed on May 9, 1982. "[T]he recidivist statute comes into play only when a defendant commits an offense after he has previously been convicted of a felony." Burgess v. State,412 So.2d 298, 299 (Ala.Cr.App. 1982) (emphasis in original); Ala. Code § 13A-5-9 (a) (1975).
The original certifications of the judgment entries pertaining to appellant's Florida and Colbert County convictions were not introduced below because they had been sent to this court and are contained within the record of Hammv. State, 425 So.2d 1372 (Ala.Cr.App. 1982), affirmed without opinion December 28, 1982.
As our Supreme Court observed in Butler v. Olshan, 280 Ala. 181,188, 191 So.2d 7 (1966), an appellate court may take judicial notice of its own records in another proceeding if the following three conditions are met:
 "First, the pleading in the instant case must refer to the other proceeding; second, the other proceeding must be of record in the trial court whose decree or judgment is the basis of the instant appeal; and third, the prior proceeding must be of record in the [appellate] court in another appeal [there] or be set out in the instant record."
All of the foregoing conditions are met here. First, while there were no "pleadings" below in the sense that that term is used in civil cases, the State's "Notice of Sentencing Under Habitual Offender Statute" specifically referred to the "other proceedings," Lauderdale CC-82-45, and both parties, as well as the trial court, referred to it at the sentencing hearing.
Second, case number CC-82-45 was of record in the Lauderdale Circuit Court. Finally, the appeal of case number CC-82-45 is of record in this court. Accordingly, we have taken judicial notice of our own records in Hamm v. State, supra. See alsoButtram v. State, 338 So.2d 1062 (Ala.Cr.App. 1976) (judicial notice taken of defendant's competency determination in related case); Jones v. State, 48 Ala. App. 32, 261 So.2d 451 (1972) (judicial notice taken of Boykin colloquy in related guilty plea).
We have examined the record in Hamm and have determined that the original certifications for appellant's Florida and Colbert County convictions are in proper order.
Burglary in the third degree is a Class C felony normally carrying a maximum sentence of ten years. Ala. Code §§ 13A-7-7,13A-5-6 (a)(3) (1975). Enhanced by one prior conviction, the sentence for a Class C felony is two to twenty years. Ala. Code §§ 13A-5-9 (a)(1) (1975), 13A-5-6 (a)(2). Enhanced by two prior convictions, the sentence for a Class C felony is ten to ninety-nine years or life. Ala. Code §§ 13A-5-9 (b)(1), 13A-5-6
(a)(1).
Therefore, appellant's sixteen-year sentence falls within the prescribed sentence range for either a one- or a two-time prior offender, as the following comments by the trial court indicate:
 "THE COURT: It seems to me it would be rather moot as to whether or not the defendant is sentenced under the provisions of the Habitual Offender Act based on three prior convictions or two or one when all three would encompass the sentence that the Court feels is the appropriate sentence in this case."
We have carefully searched the record for errors injuriously affecting the substantial rights of appellant and have found none. The judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur. *Page 1283