521 So.2d 80 (1986)
Clyde CADE
v.
STATE.
4 Div. 51.
Court of Criminal Appeals of Alabama.
June 10, 1986.
Rehearing Denied December 9, 1986.
*81 Joseph P. Hughes, Geneva, for appellant.
Charles A. Graddick, Atty. Gen., William D. Little III and Jean Williams Brown, Asst. Attys. Gen., for appellee.
McMILLAN, Judge.
This appeal follows a conviction for the offense of capital murder and sentence of death. For the reasons outlined below, the conviction and sentence are due to be affirmed.
On August 3, 1977, the appellant killed L.D. Sizemore, the Sheriff of Geneva County. After a trial by jury, the appellant was convicted of the capital offense and was sentenced to death, but his conviction was vacated by the United States Supreme Court. Cade v. State, 375 So.2d 802 (Ala. Cr.App.1978), affirmed, 375 So.2d 828 (Ala. 1979), vacated, 448 U.S. 903, 100 S.Ct. 3043, 65 L.Ed.2d 1133 (1980). The appellant received a new trial and the sentence of death was again imposed on April 7, 1982. Because the facts of the case are set out in detail in the original appeal of Cade v. State, 375 So.2d 802 (Ala.Cr.App.1978), we will not repeat them in this opinion.

I
The appellant argues that the indictment against him was defective because it did not allege the date of the offense. Appellant acknowledges that Section 15-8-30, Code of Alabama (1975), specifically provides that it is "not necessary" that the indictment state the precise time at which the offense occurred. Appellant asserts, however, that, in this case, time was a "material ingredient of the offense" because the State of Alabama did not have a valid death penalty law prior to March 7, 1976, the effective date of the post-Furman [*] Alabama Death Penalty Act.
In Bush v. State, 431 So.2d 555 (Ala.Cr. App.1982), affirmed, Ex parte Bush, 431 So.2d 563 (Ala.1983), cert. denied, 464 U.S. 865, 104 S.Ct. 200, 78 L.Ed.2d 175 (1983), this court, per Judge Tyson, discussed this *82 precise issue and initially determined that, at the time of the offense, a valid death penalty law was in force in the State of Alabama. As to the claim that the date of the offense should have been alleged in the indictment, this court in Bush reasoned as follows:
"[T]he general rule, and the rule that is controlling in the instant case, is that it is not necessary to state in an indictment the precise time at which the offense was committed. Kelley v. State, 409 So.2d 909, 912 (Ala.Cr.App.); Shiflett v. State, 37 Ala.App. 300, 67 So.2d 284 (1953); Ala. Code § 15-8-30 (1975). We find none of the exceptions to the general rule applicable to appellant's argument.
"In Deep v. State, 414 So.2d 141, 147 (Ala.Cr.App.1982), this court reiterated what Judge Harris so definitively stated in Summers v. State, 348 So.2d 1126 (Ala.Cr.App.), cert. denied, 348 So.2d 1136 (Ala.1977), cert. denied, 434 U.S. 1070, 98 S.Ct. 1253, 55 L.Ed.2d 773 (1978), as follows:
"`The constitutional right of an accused to demand the nature and cause of the accusation against him is not a technical right, but is fundamental and essential to the guaranty that no person shall be deprived of his liberty except by due process of law, nor be twice put in jeopardy for the same offense.
"`An indictment should be specific in its averments and four prime aspects to insure this guaranty: (a) to identify the accusation lest the accused should be tried for an offense different from that intended by the grand jury; (b) to enable the defendant to prepare for his defense; (c) that the judgment may insure to his subsequent protection and foreclose the possibility of being twice put in jeopardy for the same offense, and (d) to enable the court, after conviction, to pronounce judgment on the record." Id., 431 So.2d at 558.
"`The indictment in this case is couched in language so clear that any person of common understanding would know that the crime of robbery was charged against appellant.'" Id., 431 So.2d at 558.
In the present case, the language in the indictment tracked the precise language of Section 13-11-2(a)(5), Code of Alabama (1975) (repealed)[**], which defined, as of the date of the indictment, the capital offense. Under this statute, the murder of a sheriff, or a peace officer "of any kind," was made a capital offense where the sheriff, or peace officer, at the time of the offense was performing "some official or job-related act." The indictment, in the present case, charged that the appellant "unlawfully and with malice aforethought" killed Sheriff Sizemore while Sheriff Sizemore was performing an "official or job-related act." Thus, in the present case, as in Bush, a "plain reading" of the indictment demonstrates that "`any person of common understanding'" would know that the appellant was charged with the offense of capital murder and a recitation of the date of the offense was not necessary. Additionally, this court has specifically held that a post-Furman indictment is not required to aver the time the offense was committed. Beck v. State, 485 So.2d 1203, 1205 (Ala.Cr.App.1984), affirmed, Ex parte Beck, 485 So.2d 1207 (Ala.1985).

II
According to the appellant, the State did not prove that the murder took place while Sheriff Sizemore was arresting the appellant. The indictment, in pertinent part, stated as follows:
"The grand jury of Geneva County, Alabama, further charges that before the finding of this indictment, Clyde Cade, unlawfully and with malice aforethought killed L.D. Sizemore, a sheriff, to wit: the sheriff of Geneva County, Alabama, because of an official or job-related act or performance of such officer, to wit: the arrest of the said Clyde Cade, by shooting him with a gun or pistol."
*83 The appellant acknowledges that it was probably not necessary for the grand jury to specify the official or job-related act or performance of Sheriff Sizemore in the indictment, but argues that, having done so, "it became necessary for the State to prove this allegation." According to the appellant, "no such arrest was shown by the testimony in this case."
As the State notes in its brief, however, there was sufficient circumstantial evidence presented at trial that Sheriff Sizemore was in the process of arresting the appellant for disturbing the peace, and had started to handcuff the appellant, when the appellant killed Sheriff Sizemore. The evidence presented at trial clearly showed that, on the day in question, the appellant had threatened Shirley Johnson and had physically attacked her. Ms. Johnson's sister, Diane Butts, observed the fighting and told her sister to call for help. When Sheriff Sizemore arrived, the appellant was acting unruly and boisterously and told Sheriff Sizemore "you ain't taking me nowhere." An attempt to arrest the appellant was being made when he killed Sheriff Sizemore.
The evidence presented at the 1982 trial was essentially the same as the evidence presented at the 1977 trial. This court, in the appeal of the 1977 conviction, concluded that "there was absolutely no doubt" that the evidence presented at trial proved that the appellant murdered Sheriff Sizemore and that Sizemore was killed when he "attempted to arrest appellant," without a warrant, for a "threatened breach of the peace in his presence." Cade v. State, 375 So.2d 802, 827 (Ala.Cr.App.1978). Thus, the allegations of the indictment were proven and this issue is without merit.

III
The appellant also argues that, even if the State proved that Sheriff Sizemore was arresting or attempting to arrest the appellant at the time of the shooting, the State did not satisfy the additional burden of proof to show that the arrest was "legal" or "lawful."
This issue, however, was decided adversely to the appellant in Edwards v. State, 452 So.2d 487 (Ala.Cr.App. 1982), reversed on other grounds, Ex parte Edwards, 452 So.2d 503 (Ala.1983), on remand, 452 So.2d 506 (Ala.Cr.App.1983), affirmed, 452 So.2d 508 (Ala.1984). In Edwards, this court concluded, and the Alabama Supreme Court agreed, that "[i]t is not an element of the capital crime that the [police] officer be effectuating a legal arrest." Id. 452 So.2d at 502. This issue was also decided adversely to the appellant in the 1978 appeal to this court. Cade v. State, supra, 375 So.2d at 826-827.

IV
The appellant argues that the decision rendered by the Alabama Supreme Court in Beck v. State, 396 So.2d 645 (Ala.1980), constitutes an "unconstitutional invasion of the province of the legislature" and is a "clear violation of the principle of separation of powers as set out in the constitution." This court, however, has repeatedly rejected this argument. Magwood v. State, 494 So.2d 124 (Ala.Cr.App.1985); Morrison v. State, 500 So.2d 36 (Ala.Cr.App.1985); Hopkins v. State, 429 So.2d 1146 (Ala.Cr. App.1983).

V
The appellant argues that Acts 533 and 534, 1973 Alabama Acts (which, respectively, allow prospective jurors to be excused outside the presence of the defendant and abolished special jury venires in capital cases in the 33rd Judicial Circuit of Alabama), violate Article 4, Sections 104 and 105, of the Alabama Constitution. In particular, the appellant argues that the 1973 Acts were local acts which exempted the appellant from the operation of general law as codified in Sections 12-16-122 and 12-16-120, Code of Alabama (1975). This issue, however, was decided adversely to the appellant in Liptroth v. State, 335 So. 2d 683 (Ala.Cr.App.), cert. denied, 335 So. 2d 688 (Ala.1976), cert. denied, 429 U.S. 963, 97 S.Ct. 963, 50 L.Ed.2d 332 (1976), wherein this court stated:

*84 "The effect of all of our decisions, in short, has been that where there is a substantial difference in population, and the classification is made in good faith, reasonably related to the purpose to be effected and to the difference in population which forms the basis thereof, and not merely arbitrary, it is a general law, although at the time it may be applicable to only one political subdivision of the state...." Id. at 686, quoting Reynolds v. Collier, 204 Ala. 38, 85 So. 465 (1920).
As the State notes in its brief, the 33rd Judicial Circuit consists primarily of small, rural towns. Thus, the legislation should be considered a general law which was reasonably calculated to avoid undue hardship which would be visited upon a sparsely populated circuit were it required to draw a special venire in every capital case. See also: Daniels v. State, 461 So.2d 41 (Ala. Cr.App.1985).

VI
Although the appellant has not attacked the validity of the sentence imposed upon him, this court is required to review the propriety of that sentence. This review, as established in Gregg v. Georgia, 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976), requires that we ascertain "whether the crime was in fact one properly punishable by death, whether similar crimes throughout the state are being punished capitally and whether the sentence of death is appropriate in relation to the particular defendant." Beck v. State, 396 So.2d 645, 664 (Ala.1980).
In determining that the sentence of death was proper in this case, this court makes the following explicit findings. The crime for which the appellant was indicted and convicted is a crime which is properly punishable by the imposition of the death sentence. The appellant was indicted and found guilty of the murder of a sheriff, in violation of that portion of the Death Penalty Act which is codified in Section 13-11-2(a)(5), Code of Alabama (1975) (repealed). Additionally, nothing in the record indicates that the sentence of death was imposed as the result of the influence of passion, prejudice, or any other arbitrary factor.
Our independent weighing of the aggravating and mitigating circumstances supports our conclusion that death was the proper sentence. In the present case, the evidence supports the finding that, as aggravating circumstances, the capital felony was committed for the purpose of avoiding or preventing a lawful arrest; and was committed in an attempt to disrupt or hinder the lawful exercise of a governmental function or the enforcement of laws. The evidence also shows that there were no mitigating circumstances. The capital offense was not committed while the appellant was under the influence of extreme mental or emotional disturbance; the appellant did not act under extreme duress; the appellant had the capacity to appreciate the criminality of his conduct; and the appellant's ability to conform his conduct to the requirements of the law was not substantially impaired.
Finally, the murder of a law enforcement officer in the course of his duties is an offense which has been punished, in other cases, by the imposition of the death penalty. Dobard v. State, 435 So.2d 1351 (Ala. 1983), cert. denied, 464 U.S. 1063, 104 S.Ct. 745, 79 L.Ed.2d 203 (1984); Magwood v. State, 426 So.2d 918 (Ala.Cr.App.1982), affirmed, Ex parte Magwood, 426 So.2d 929 (Ala.1983), cert. denied, 462 U.S. 1124, 103 S.Ct. 3097, 70 L.Ed.2d 1355 (1983).
Our review of the record on appeal reveals no error which "has or probably has adversely affected the substantial rights of the defendant," Rule 45A, Alabama Rules of Appellate Procedure. The judgment of the circuit court convicting the appellant of the capital offense, and the sentence of death, are affirmed.
AFFIRMED.
All the Judges concur.

ON APPLICATION FOR REHEARING
McMILLAN, Judge.
The appellant was convicted of capital murder and sentenced to death, but his *85 conviction was vacated by the United States Supreme Court, Cade v. State, 375 So.2d 802 (Ala.Cr.App.1978), affirmed, 375 So.2d 828 (Ala.1979), vacated, 448 U.S. 903, 100 S.Ct. 3043, 65 L.Ed.2d 1133 (1980), whereupon he received a new trial in which he was again convicted of capital murder and sentenced to death. This court affirmed the trial court's decision.
This court, on appeal, addressed the appellant's claim that the State did not prove that the murder took place while Sheriff Sizemore was arresting the appellant. This court, in addressing this issue, looked to the appeal of the initial conviction, in which essentially the same evidence was presented. This court concluded that "`there was absolutely no doubt' that the evidence presented at trial proved that the appellant murdered Sheriff Sizemore and that Sizemore was killed when he `attempted to arrest appellant,' without a warrant, for a `threatened breach of the peace in his presence.' Cade v. State, 375 So.2d 802, 827 (Ala.Cr.App.1978)." At page 83. While it is true, as the appellant asserts, that an appellate court generally cannot consider matters outside of the record, Scroggins v. Alabama Gas Corporation, 275 Ala. 650, 158 So.2d 90 (1963); Linderman v. Linderman, 49 Ala.App. 662, 275 So.2d 342 (1973), the Court of Criminal Appeals can take judicial notice of its own records. Hamm v. State, 439 So.2d 829, 931 (Ala.Cr.App.1983); Shadle v. State, 284 Ala. 138, 222 So.2d 722, 724 (Ala.1969); Washington v. State, 274 Ala. 386, 148 So.2d 206, 208 (1962). Furthermore, as previously indicated by this court, the State presented sufficient circumstantial evidence at trial that Sheriff Sizemore was in the process of arresting the appellant for disturbing the peace.
The appellant also argues that this court's application of Edwards v. State, 452 So.2d 487 (Ala.Cr.App.1982), reversed on other grounds, 452 So.2d 503 (Ala. 1983), on remand, 452 So.2d 506 (Ala.Cr. App.1983), affirmed, 452 So.2d 508 (Ala. 1984), in which the Alabama Supreme Court stated that "[i]t is not an element of the capital crime that the [police] officer be effectuating a legal arrest," Edwards, at 502, was improper. He bases this allegation on the language of the indictment wherein the job-related act or performance of the police officer was specifically designated as "the arrest of the said Clyde Case." However, even if the inclusion of this language in the indictment necessitated its proof by the State under the reasoning in Thornton v. State, 480 So.2d 34, 36 (Ala.Cr.App.1985) (wherein this court held that although the time at which the alleged offense was committed need not be stated in an indictment, where it is included, it must be proved), no variance exists in this case. As we have already determined in this rehearing, as well as in the appellate opinion, and as the jury determined at trial, the State sufficiently proved that Sheriff Sizemore was arresting or attempting to arrest the appellant at the time of the shooting.
Although the appellant disagrees with this court's reasoning and conclusions as to other issues, these matters were fully discussed in the opinion issued on appeal and merit no further discussion.
OPINION EXTENDED; APPLICATION FOR REHEARING OVERRULED.
All the Judges concur.
NOTES
[*] Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972).
[**] Although this statute was subsequently repealed, the provisions applied to the instant offense which occurred before the effective date of the new statute.