521 So.2d 85 (1987)
Ex parte: Clyde CADE.
(re Clyde Cade v. State of Alabama).
86-495.
Supreme Court of Alabama.
September 25, 1987.
On Applications for Rehearing February 12, 1988.
*86 Joseph P. Hughes, for petitioner.
Don Siegelman, Atty. Gen., and William D. Little III and Jean Williams Brown, Asst. Attys. Gen., for respondent.
PER CURIAM.
This is a death case. The defendant, Clyde Cade, was convicted of the capital murder of L.D. Sizemore, Sheriff of Geneva County. The Court of Criminal Appeals affirmed Cade's conviction, with opinion. Cade argues here that the Court of Criminal Appeals erred in its opinion and order on rehearing because, he says, it took judicial notice of evidence contained in its own record of an earlier appeal of Cade's first trial for Sizemore's murder. Although the Court of Criminal Appeals did look to the record of an earlier appeal, we find no error, because the Court of Criminal Appeals resolved the factual question before it from the evidence presented in the second trial. We affirm.
In 1977, Cade was convicted of the capital murder of Sheriff Sizemore. His conviction was affirmed by the Alabama Court of Criminal Appeals and by this Court. Cade v. State, 375 So.2d 802 (Ala.Cr.App. 1978), affirmed, 375 So.2d 828 (Ala.1979). However, the United States Supreme Court vacated his conviction, and Cade received a new trial. Cade v. Alabama, 448 U.S. 903, 100 S.Ct. 3043, 65 L.Ed.2d 1133 (1980). After his second trial, the jury again found him guilty of capital murder, and the Alabama Court of Criminal Appeals affirmed. Cade v. State, 521 So.2d 80 (Ala.Cr.App. 1986).
In his appeal and in his application for rehearing, Cade argued that the State had failed to prove that the murder took place while Sheriff Sizemore was arresting him. Cade argues that the Court of Criminal Appeals wrongfully relied upon its earlier opinion in three instances. First, the second opinion fails to make a recitation of the facts; rather, it states: "Because the facts of the case are set out in detail in the original appeal of Cade v. State, 375 So.2d 802 (Ala.Cr.App.1978), we will not repeat *87 them in this opinion." Cade v. State, 521 So.2d at 81. Second, Cade says, the Court of Criminal Appeals relied upon the original opinion in disposing of the issue of whether the State proved that Sheriff Sizemore was effectuating an arrest. It stated:
This court, in the appeal of the 1977 conviction concluded that "there was absolutely no doubt" that the evidence presented at trial proved that the appellant murdered Sheriff Sizemore and that Sizemore was killed when he "attempted to arrest appellant," without a warrant, for a "threatened breach of the peace in his presence." Cade v. State, 375 So.2d 802, 827 (Ala.Cr.App.1978). Thus, the allegations of the indictment were proven and this issue is without merit. Cade v. State, 521 So.2d at 83. However, by virtue of a statement in a preceding paragraph of the second opinion, it appears that the Court of Criminal Appeals relied solely upon the facts of the second trial in determining this issue. The opinion stated:
As the State notes in its brief, however, there was sufficient circumstantial evidence presented at trial that Sheriff Sizemore was in the process of arresting the appellant for disturbing the peace, and had started to handcuff the appellant, when the appellant killed Sheriff Sizemore. The evidence presented at trial clearly showed that, on the day in question, the appellant had threatened Shirley Johnson and had physically attacked her. Ms. Johnson's sister, Diane Butts, observed the fighting and told her sister to call for help. When Sheriff Sizemore arrived, the appellant was acting unruly and boisterously and told Sheriff Sizemore "you ain't taking me nowhere." An attempt to arrest the appellant was being made when he killed Sheriff Sizemore.
Cade points out in regard to the third instance that, on consideration of his application for rehearing, the Court of Criminal Appeals clarified and extended its opinion and stated that it had relied upon the original opinion to dispose of this issue. The court stated:
This court, in addressing this issue, looked to the appeal of the initial conviction, in which essentially the same evidence was presented. This court concluded that "`there was absolutely no doubt' that the evidence presented at trial proved that the appellant murdered Sheriff Sizemore and that Sizemore was killed when he `attempted to arrest appellant,' without a warrant, for a `threatened breach of the peace in his presence.' Cade v. State, 375 So.2d 802, 827 (Ala.Cr. App.1978)." At page 83.
Cade v. State, 521 So.2d at 85. However, Cade's interpretation of the extended opinion on application for rehearing is wrong. At the end of that extended opinion, the following appears:
As we have already determined in this rehearing opinion, as well as in the original opinion, and as the jury determined at trial, the State sufficiently proved that Sheriff Sizemore was arresting or attempting to arrest the appellant at the time of the shooting.
From this statement, it is clear that it was from the evidence presented at the second trial that the Court of Criminal Appeals made its determination that the State proved that Sheriff Sizemore was acting in his legal capacity when Cade shot him.
We are not saying, however, that the Court of Criminal Appeals' reference to its earlier 1978 opinion was proper.
As our Supreme Court observed in Butler v. Olshan, 280 Ala. 181, 191 So.2d 7 (1966), an appellate court may take judicial notice of its own records in another proceeding if the following three conditions are met:
"First, the pleading in the instant case must refer to the other proceeding; second, the other proceeding must be of record in the trial court whose decree or judgment is the basis of the instant appeal; and third, the prior proceeding must be of record in the [appellate] court in another appeal *88 [there] or be set out in the instant record." [Emphasis added.]
Hamm v. State, 439 So.2d 829, at 831 (Ala.Cr.App.1983).
On application for rehearing, the Court of Criminal Appeals cited Hamm as authority for it to take judicial notice of the record in Cade's previous appeal. However, the opinion does not discuss how the conditions of Butler v. Olshan, as set out in Hamm, supra, are met. The first requirement is that the pleading in the instant case must refer to the other proceeding. This does not mean pleading as pleading is commonly understood in civil cases. Hamm, supra. In Hamm, this requirement was met in the sentencing phase of Hamm's conviction. Both parties and the court made the previous record a part of the record for appeal. Nowhere does the present record incorporate any reference to Cade's previous appeal. The second requirement of Butler, supra, is that the other proceeding be made part of the record in the trial court whose decree or judgment is the basis of the instant appeal. Cade's first trial and appeal are not incorporated within his second trial; therefore, the previous case is not a part of Cade's present appeal.
This is a death case. Cade was guaranteed a new trial by the decision of the United States Supreme Court. Since he was guaranteed a new trial, he is also guaranteed a new appeal that should be based solely on the facts and evidence presented in his second trial. If certain conditions are met, the Court of Criminal Appeals may take judicial notice of its record in a prior proceeding; however, if those conditions are not met, then it cannot. However, because the Court of Criminal Appeals resolved the issue raised by Cade from the evidence as presented in his second trial, we find that no reversible error was committed by the Court of Criminal Appeals. Therefore, the judgment of the Court of Criminal Appeals is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES, ALMON, SHORES, ADAMS, HOUSTON and STEAGALL, JJ., concur.
BEATTY, J., concurs in the result.

ON APPLICATIONS FOR REHEARING
PER CURIAM.
In its application for rehearing, the State requests that we grant rehearing, as mandated by Beck v. State, 396 So.2d 645 (Ala. 1980), in order to determine if the sentence of death is appropriate. We grant the State's request and determine that the imposition of death in this case was appropriate.
Cade was convicted of the murder of L.D. Sizemore, Sheriff of Geneva County, Alabama. This is a crime punishable by death. Code of Ala.1975, § 13-11-2(a)(5). The record is void of any evidence that the sentence imposed upon Cade was influenced by passion, prejudice, or arbitrariness. The facts establish that Cade murdered Sizemore in order to avoid or prevent a lawful arrest. This establishes a statutory aggravating circumstance. The facts do not establish any mitigating circumstances. As shown in the opinion of the Court of Criminal Appeals, the murder of a law enforcement officer engaged in the course of his duties has been punished with the death sentence in other cases. Therefore, we find no error in the imposition of the death sentence for Cade.
Cade, in his application for rehearing, essentially argues the same issues that we addressed, and decided adversely to him, in our original opinion. We, therefore, overrule his application for rehearing.
APPELLEE'S APPLICATION GRANTED; APPELLANT'S APPLICATION OVERRULED; OPINION EXTENDED.
TORBERT, C.J., and MADDOX, JONES, ALMON, SHORES, BEATTY, ADAMS, HOUSTON and STEAGALL, JJ., concur.