Harrison v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-92-141-CR

     CARL MILTON HARRISON,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 249th District Court
Johnson County, Texas
Trial Court # 249-67-92
                                                                                                    

O P I N I O N
                                                                                                    

      Carl Milton Harrison appeals from the court's denial of a writ of habeas corpus and order
extraditing him to Alabama. In a single point, Harrison asserts that the court erred in refusing to
grant his application for a writ of habeas corpus because he had not been "substantially charged"
with an offense as required by Texas extradition law. We will overrule the point.
      Harrison filed a writ of habeas corpus alleging that the Alabama indictment charging him with
homicide does not "substantially charge" him as required by article 51.13, section 3, of the Code
of Criminal Procedure. See Tex. Code Crim. Proc. Ann. art. 51.13 § 3 (Vernon 1979). Article
51.13, section 3, provides in part:
No demand for the extradition of a person charged with crime in another State shall be
recognized by the Governor unless in writing, alleging . . . that the accused was present in
the demanding State at the time of the commission of the alleged crime, and that thereafter
he fled from the State, and accompanied by a copy of an indictment . . . in the State having
jurisdiction of the crime . . . . The indictment . . . must substantially charge the person
demanded with having committed a crime under the law of that State . . . .

Id. (emphasis added). 
      The Alabama indictment alleged in part:
The Grand Jury of said county charge, that, before the finding of this indictment, Carl Milton
Harrison, Jr. . . . did, with the intent to cause the death of Susan Diane Young, cause the
death of Susan Diane Young by beating her about the head with a mallet . . . against the peace
and dignity of the State of Alabama.

The indictment was signed and filed February 24, 1989. Harrison argues that, because the
Alabama homicide indictment fails to state a date on which the offense occurred, it would be void
under Texas law—and thus he is not "substantially charged" as required by article 51.13, section
3. See id. He argues that, under Texas law, a charging instrument is fundamentally defective if
it does not contain the date on which the offense is alleged to have occurred. See Ex parte Hyett,
610 S.W.2d 787, 789 (Tex. Crim. App. 1981).
      The court took judicial notice of an Alabama statute, section 15-8-30, which provides:
It is not necessary to state the precise time at which an offense was committed in an
indictment; but it may be alleged to have been committed on any day before the finding of the
indictment, or generally before the finding of the indictment, unless time is a material
ingredient of the offense.
See Ala. Code § 15-8-30 (1982). The State also provided the court with Alabama case law
confirming that section 15-8-30 does not require that an indictment state the precise time at which
an offense occurred. See Cade v. State, 521 So.2d 80, 81-82 (Ala. Cr. App. 1986), aff'd, 521
So.2d 85 (Ala. 1987), cert. denied, 488 U.S. 871, 109 S.Ct. 184, 102 L.Ed.2d 153 (1988);
Holmes v. State, 505 So.2d 1308, 1312 (Ala. Cr. App. 1987).
      A court may take judicial notice of the laws of other states on its own motion or on the motion
of a party. Tex. R. Crim. Evid. 202. The court's determination is subject to review as a question
of law. Id. Harrison has cited no Alabama authority contrary to that supporting the State's
position. We do not find that the court erred on the question of law. 
      We overrule the point and affirm the judgment.
 
                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed July 22, 1992
Do not publish