The appellant, Steven Allen Thompson, appeals the denial of his petition for post-conviction relief under Rule 20, A.R.Crim.P.Temp. (now Rule 32, A.R.Crim.P.). The appellant was convicted of murder made capital because it was committed during the course of a rape, robbery, and kidnapping, §13A-5-40(a)(1), (2), and (3), Code of Alabama 1975. The crime was found to be especially heinous, atrocious, or cruel compared to other capital offenses, § 13A-5-49(8), Code of Alabama 1975. The jury recommended life imprisonment without parole. The trial court overruled the jury's recommendation and sentenced the appellant to death by electrocution.
This court in Thompson v. State, 542 So.2d 1286
(Ala.Cr.App. 1988), affirmed the appellant's capital murder conviction. The Alabama Supreme Court affirmed the decision inThompson v. State, 542 So.2d 1300 (Ala. 1989), and the United States Supreme Court denied certiorari review in Thompson v.Alabama, 493 U.S. 874, 110 S.Ct. 208, 107 L.Ed.2d 161 (1989). All issues cognizable on direct appeal have been scrutinized, including those cognizable under the "plain error" doctrine.
In June 1990, the appellant filed a petition for post-conviction relief under then Rule 20, A.R.Crim.P.Temp. (now Rule 32, A.R.Crim.P.). The court held a lengthy hearing on the appellant's allegations and in a thorough order denied the appellant's petition. The current appeal is from the *Page 131 
circuit court's denial of the petition for post-conviction relief.
 I
The appellant initially contends in his brief on appeal that because this is a capital case this court should apply the plain error doctrine, Rule 45A, A.R.App.P., to his petition for post-conviction relief and hold that no procedural default grounds contained in Rule 20 should bar review of his petition. The State in its brief urges this court to decline to apply the plain error analysis to a collateral proceeding. The State relies heavily on the United States Supreme Court case ofUnited States v. Frady, 456 U.S. 152, 102 S.Ct. 1584,71 L.Ed.2d 816 (1982). In Frady, the court was faced with an appeal from a collateral attack in a death penalty case, brought under 28 U.S.C. § 2255, in which the state appellate court had applied the plain error doctrine to the collateral proceeding. A petition filed under 28 U.S.C. § 2255 is similar to a post-conviction petition for relief under Rule 32, A.R.Crim.P. Frady, 456 U.S. at 165, 102 S.Ct. at 1593. The Federal Rules of Criminal Procedure also contain a provision similar to this state's plain error doctrine. See Rule 52(b), F.R.Crim.P.; Rule 45A, A.R.App.P.
As the United States Supreme Court stated when analyzing the plain error doctrine in regard to the collateral proceeding inFrady:
 "Because it was intended for use on direct appeal, however, the 'plain error' standard is out of place when a prisoner launches a collateral attack against a criminal conviction after society's legitimate interest in the finality of the judgment has been perfected by the expiration of the time allowed for direct review or by the affirmance of the conviction on appeal. . . .
". . . .
 "By adopting the same standard of review for § 2255 motions as would be applied on direct appeal, the Court of Appeals accorded no significance whatever to the existence of a final judgment perfected by appeal. Once the defendant's chance to appeal has been waived or exhausted, however, we are entitled to presume he stands fairly and finally convicted, especially when, as here, he already has had a fair opportunity to present his federal claims to a federal forum."
456 U.S. at 164, 100 S.Ct. at 1592-93.
We apply the same analysis to this appeal. The appellant had full and thorough appeals in the state appellate courts, and the United States Supreme Court denied certiorari review. "Our trial and appellate procedures are not so unreliable that we may not afford their completed operation any binding effect beyond the next in a series of endless post-conviction collateral attacks. To the contrary, a final judgment commands respect." Frady, 456 U.S. at 164-65, 102 S.Ct. at 1593. A collateral proceeding, in this case a petition for post-conviction relief, does not serve as a direct appeal.United States v. Addonizio, 442 U.S. 178, 99 S.Ct. 2235,60 L.Ed.2d 805 (1979).
The procedural default grounds contained in Rule 32, A.R.Crim.P., apply with equal force to all cases, including those in which the petitioner has been sentenced to death. Nothing in Rule 32 suggests otherwise. Rule 32 makes no provision for different treatment of death penalty cases. Indeed, this court has specifically applied the procedural bars of Rule 20 (now Rule 32) to appeals from collateral attacks on convictions in death penalty cases. Duren v. State,590 So.2d 360 (Ala.Cr.App. 1990), 590 So.2d 369 (Ala. 1991), cert. denied,___ U.S. ___, 112 S.Ct. 1594, 118 L.Ed.2d 310 (1992); Gibson v.State, 580 So.2d 38 (Ala.Cr.App. 1990).
Because the procedural bars contained in Rule 20 (now Rule 32) apply to this case, we will initially discuss those issues raised by the appellant that are not procedurally barred from our review.
 II
The appellant argues that the circuit court considering the Rule 20 petition erred in adopting, as its own, the state's proposed *Page 132 
opinion and order. In truth, the record does not show that the trial court adopted verbatim the proposed order submitted by the State.
 " '[E]ven when the trial judge adopts proposed findings verbatim, the findings are those of the court and may be reversed only if clearly erroneous.' Anderson v. Bessemer City, North Carolina, 470 U.S. 564, 572, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518, 527 (1985). See also United States v. El Paso Natural Gas Co., 376 U.S. 651, 84 S.Ct. 1044, 12 L.Ed.2d 12 (1964) (verbatim findings are not to be summarily rejected and will stand if supported by the evidence); Weeks v. State, 568 So.2d 864 (Ala.Cr.App. 1989), cert. denied, Weeks v. Alabama, [498] U.S. [882], 111 S.Ct. 230, 112 L.Ed.2d 184 (1990) (issue discussed in dicta); Morrison v. State, 551 So.2d 435 (Ala.Cr.App. 1989), cert. denied, [495] U.S. [911], 110 S.Ct. 1938, 109 L.Ed.2d 301 (1990) (trial court's findings of fact and conclusions of law were not clearly erroneous and adoption of findings and conclusions was proper)."
Hubbard v. State, 584 So.2d 895, 900 (Ala.Cr.App. 1991), cert. denied, ___ U.S. ___, 112 S.Ct. 896, 116 L.Ed.2d 798 (1992). See Williams v. State, [Ms. 89-633, September 20, 1991],1991 WL 197836 (Ala.Cr.App. 1991).
Here, it is evident that the trial court thoroughly considered the petition before denying it and the findings of fact and conclusions of law were not "clearly erroneous." The order denying the petition was not issued until approximately four months after the hearing. "We do not consider this a case where the judge merely 'uncritically accepted' and acquiesced in the findings of the prevailing party." Weeks v. State,568 So.2d 864, 865 (Ala.Cr.App. 1989).
 III
The appellant also contends that his trial counsel rendered ineffective assistance. This issue is legitimately presented in this collateral proceeding. Ex parte Jackson, 598 So.2d 895
(Ala. 1992).
The appellant makes numerous allegations concerning the assistance of his trial counsel. A brief rendition of the facts is necessary in order to address some of the appellant's claims regarding ineffective assistance of counsel. On May 13, 1984, the nude corpse of Ms. Robin Balarz was found on Green Mountain in Huntsville. She was bound with rope and tape, a sock was in her mouth, and her head had been shaved with a razor, which, the evidence indicated, the appellant bought specifically for that purpose. She had suffered numerous stab wounds, including a large knife wound near her vagina. The appellant confessed to the crime and told police where the body was located. He said that he bound the victim's breasts with rope, tied her to his car, and dragged her through mud and over rocks for a distance of at least 3,000 feet. When the appellant was taken into custody he was covered with blood and mud. See,Thompson, 542 So.2d at 1289.
The United States Supreme Court in Strickland v. Washington,466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), set the standard by which to evaluate counsel's performance. To show that counsel's performance was ineffective, the defendant must show that his counsel's performance was deficient and that he was prejudiced by that deficient performance.
 "When a defendant challenges a death sentence such as the one at issue in this case, the question is whether there is a reasonable probability that, absent the errors, the sentencer — including an appellate court, to the extent it independently reweighs the evidence — would have concluded that the balance of aggravating and mitigating circumstances did not warrant death."
Strickland, 466 U.S. at 697, 104 S.Ct. at 2069.
 "The appellant must show that his counsel's performance was unreasonable, considering all of the attendant circumstances. . . . '[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.' Strickland, 466 U.S. at 690, 104 S.Ct. at 2066."
Duren, 590 So.2d at 362.
The appellant initially argues that his counsel rendered ineffective assistance *Page 133 
by not calling expert witnesses who might testify that the victim had died before the appellant sexually assaulted her. The appellant claimed that he engaged in sex with a corpse. This issue has been directly addressed to exhaustion and determined adversely to the appellant. This court on the direct appeal held that there was evidence from which the jury could be convinced beyond a reasonable doubt that the murder occurred during the course of a rape.
Even if we were to concede that the death occurred before the rape, another doctrine stands in the way of the appellant. This court has held that if an accused had the intent to commit the underlying offense at the time he murdered and the offense is committed immediately after the murder, he is guilty of murder while committing the underlying offense, and the capital murder statute still applies. Hallford v. State, 548 So.2d 526, 534
(Ala.Cr.App. 1988), aff'd, 548 So.2d 547 (Ala.), cert. denied,493 U.S. 945, 110 S.Ct. 354, 107 L.Ed.2d 342 (1989). It seems to be generally understood that it is impossible to say with certainty whether intercourse immediately preceded or immediately followed the murder of a female victim. Trial counsel did not render ineffective assistance for failing to obtain an expert witness to testify that the intercourse followed the murder, although perhaps such an expert witness could possibly be found.
The appellant also contends that his trial counsel rendered ineffective assistance in not presenting the insanity defense at both the guilt and the penalty phases of his trial. Testimony at the evidentiary hearing on the appellant's Rule 20, A.R.Crim.P.Temp., petition reflects that the appellant's trial counsel contacted Dr. Alan Shealy, a psychologist, to evaluate the appellant. Dr. Shealy examined the appellant and told counsel that his findings would not benefit the defense. Trial counsel did not seek another a psychologist who would testify in the appellant's favor. Defense counsel did, however, present a hypothetical question to a psychologist who testified at trial as a witness for the state. The appellant's trial counsel testified that he elected to present the evidence in this fashion so that the appellant would not be confronted with rebuttal insanity evidence that would be injurious to his case. This was a matter of trial strategy.
Two psychologists testified at the evidentiary hearing, offering conflicting views of the appellant's sanity. The trial court heard the testimony and found that the appellant's claim concerning this issue was without merit. The approach to ineffective-assistance-of-counsel claims is as follows:
 "Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act, or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way."
Strickland, 466 U.S. at 689, 104 S.Ct. at 2065-66. (Citations omitted.)
We believe that counsel's action in not presenting other mental health experts was a decision based on investigation and was one of trial strategy. Counsel's actions did not render his assistance ineffective.
The appellant also argues that his counsel rendered ineffective assistance for failure to call character witnesses. At the *Page 134 
evidentiary hearing, the appellant's counsel presented many witnesses who he argued should have testified at his trial. The trial court stated in its order denying the petition:
 "The individuals who were called as purported character witnesses at the Rule 20 proceedings are either not credible witnesses because of their evident bias or lack of knowledge, or they had such weak testimony to offer that the presentation of their testimony would have detracted from the strength of other testimony offered by the defendant at trial. Marie Stearns, who petitioner claims should have been called to testify on his behalf, stated in her deposition, which was introduced into evidence in these proceedings, that Thompson was the sort of boy every mother wanted her daughter to date. Given the nature of their testimony, presenting these witnesses would have detracted from the testimony of the [appellant's] family members who testified. Counsel's strategic choice was entirely reasonable."
We agree with the trial court's ruling. Trial counsel did not render ineffective assistance in not calling these witnesses.
After reviewing the overwhelming evidence against the appellant, including his confession, we believe that counsel made strategic choices that the appellant may now question, but that he did not render ineffective assistance. An appellant is entitled to " 'not errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render and rendering reasonably effective assistance.' "Haggard v. Alabama, 550 F.2d 1019, 1022 (5th Cir. 1977).
The following claims are procedurally barred from our review pursuant to Rule 32.2(a)(4), A.R.Crim.P., because this court has previously addressed these issues on direct appeal:
1. The appellant's argument that he could not be convicted of murder during a rape because the victim died before the defendant had sexual intercourse with her.
2. The appellant's argument that there was a material variance between the indictment and the proof presented at trial.
3. The appellant's argument that this crime was not especially heinous, atrocious and cruel when compared to other capital crimes.
4. The appellant's argument that the Alabama aggravating circumstances statute concerning the finding that the crime is especially heinous, atrocious, and cruel when compared to other capital crimes is unconstitutional.
The following issues are procedurally barred because they could have raised on direct appeal but were not. Rule 32.2(a)(5), A.R.Crim.P. We also note here that this court, on direct appeal, searched the entire transcript for error according to Rule 45A, A.R.App.P. Had this court found anything that would merit reversal, even if it was not raised on appeal, the judgment would have been reversed and this case remanded for a new trial.
1. The appellant's argument that the photographs of the victim should not have been received into evidence.
2. The appellant's argument that the authority of the trial court to override the jury's recommendation is unconstitutional.
3. The appellant's argument concerning the trial court's receipt of improper victim impact evidence.
4. The appellant's argument concerning evidence of a prior juvenile offense.
5. The appellant's argument that it was error for the trial judge not to tell the jury that he would consider its sentence.
The appellant also lists many issues, without argument, that he contends mandate a new trial. As stated previously, this court on direct appeal from the appellant's conviction searched the record for plain error and found none. The appellant received a fair trial.
After evaluating the evidence presented at the evidentiary hearing on the appellant's petition for post-conviction relief, we *Page 135 
conclude that the trial court correctly denied the petition.
AFFIRMED.
All the Judges concur.