The appellant, Clyde J. Cade, was convicted of murder, made capital because the victim was the Sheriff of Geneva County, who was performing a job-related act at the time of the murder. See § 13A-5-40(a)(5), Ala. Code 1975. The appellant was sentenced to death. The appellant's conviction was vacated by the United States Supreme Court, following the affirmance of his conviction and sentence by this court and the Alabama Supreme Court. Cade v. State, 375 So.2d 802 (Ala.Cr.App. 1978), affirmed, 375 So.2d 828 (Ala. 1979), vacated, 448 U.S. 903,100 S.Ct. 3043, 65 L.Ed.2d 1133 (1980). The appellant was retried and was again sentenced to death. The conviction and sentence were once again upheld on appeal. Cade v. State, 521 So.2d 80
(Ala.Cr.App. 1986), affirmed, 521 So.2d 85 (Ala. 1987), and the United States Supreme Court denied certiorari review.488 U.S. 871, 109 S.Ct. 184, 102 L.Ed.2d 153 (1988). On April 6, 1989, the appellant filed a petition for post-conviction relief, and an evidentiary hearing was held. The trial court denied the appellant's petition. This appeals follows.
 I
The appellant argues that the facts determined by and the judgment entered by the trial court should be rejected, and that this court should review the appellant's trial again pursuant to the plain error rule. Rule 45A, A.R.App.P. Specifically, the appellant argues that the trial court's adoption of the opinion and order submitted by the State was erroneous. He also argues that the trial court's order precludes any meaningful appellate review, because, he says, that order contains cursory and conclusory statements concerning the quality of defense counsel's assistance and fails to refer to the evidence or the record.
The record indicates that two months following the submission by the State of its proposed findings of fact and order, the trial court entered its order, which states:
"JUDGMENT
 "This cause coming on to be heard and submitted for judgment on the Rule 32 Petition filed by the petitioner, the pleadings, testimony and evidence presented and taken in open court, and brief and argument of counsel, and the Court having considered the same, the Court finds as follows:
 "The Court has read and considered each allegation or ground of the petition, *Page 40 
as amended, filed by the petitioner; the Court has read and considered each answer, responses are traverse to these allegations filed in the respondent's answer; the Court has considered all of the evidence presented relating to the issues raised, and the Court has considered all of the briefs and arguments presented by the parties.
 "The Court has independently assessed the petitioner's claim and [has] independently assessed and weighed the evidence produced. The Court has reviewed the evidence for itself and has independently evaluated each claim in light of the evidence presented and the applicable law.
 "The Court has reviewed the proposed opinion and order filed by the State. The Court has considered the findings and conclusions as presented in the proposed order, and each allegation and argument and proposed findings presented by the petitioner. The Court has considered all of the evidence presented in making its determination.
 "The Court hereby adopts the opinion and order filed by the State, marked Exhibit 'A' and incorporated herein as set out in detail as the judgment of the Court. The adoption of this order is based on the Court's own evaluation of the evidence and law in the case.
 "And further, the Court finds that attorney Joe Hughes's conduct was not such as to undermine the proper functioning of the adversarial process so that the trial of this case could not be relied on to have produced a just result. The Court finds that counsel['s] assistance was reasonable and effective considering all of the circumstances of the case. The Court further finds that the decisions made by counsel concerning the trial of this case and his trial strategy [were] the result of reasonable professional judgment.
 "The Court finds in applying the standard as set forth in Strickland v. Washington, 466 U.S. 688
[668], 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), that petitioner's claim that his rights were violated and that he did not receive a fair trial because of ineffective assistance of counsel are not well taken."
The trial judge's order clearly indicates that he independently evaluated each allegation, before denying the petition. In Hallford v. State, 629 So.2d 6 (Ala.Cr.App. 1992), the trial court adopted the State's proposed opinion and order denying the appellant's petition. This court found no error, stating:
 "As this court stated in Hubbard v. State, 584 So.2d 895, 900 (Ala.Cr.App. 1991), cert. denied, ___ U.S. ___, 112 S.Ct. 896, 116 L.Ed.2d 798
(1992):
 " ' "[E]ven when the trial judge adopts proposed findings verbatim, the findings are those of the court and may be reversed only if clearly erroneous." Anderson v. Bessemer City, North Carolina, 470 U.S. 564, 572, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518, 527 (1985). See also United States v. El Paso Natural Gas Co., 376 U.S. 651, 84 S.Ct. 1044, 12 L.Ed.2d 12 (1964) (verbatim findings are not to be summarily rejected and will stand if supported by the evidence); Weeks v. State, 568 So.2d 864
(Ala.Cr.App. 1989), cert. denied, Weeks v. Alabama, 498 U.S. 882, 111 S.Ct. 230, 112 L.Ed.2d 184 (1990) (issue discussed in dicta); Morrison v. State, 551 So.2d 435 (Ala.Cr.App. 1989), cert. denied, 495 U.S. 911, 110 S.Ct. 1938, 109 L.Ed.2d 301 (1990) (trial court's findings of fact and conclusions of law were not clearly erroneous and adoption of findings and conclusions was proper).'
 See Williams v. State, 627 So.2d 985 (Ala.Cr.App. 1991). See also Thompson [v. State, 615 So.2d 129
(Ala.Cr.App. 1992)]."
Hallford v. State, supra, at 8.
In his order, the trial judge stated that he had independently evaluated each of the appellant's allegations; and that he had specifically addressed the ineffective assistance of counsel claim in the order. The trial court's findings are supported by the evidence and are not clearly erroneous.
The appellant's argument that the trial court's order was improper, because, he says, it included "conclusory statements" *Page 41 
concerning the quality of defense counsel's assistance, without referring to the evidence or the transcript, is not supported by the record. In the trial court's order, each claim raised by the appellant is discussed, and the evidence relating to that claim that was presented at trial or at the evidentiary hearing is referenced. Moreover, although the appellant argues that the trial court's evaluation of the quality of defense counsel's assistance in light of "all of the circumstances of the case" was improper, ineffective assistance of counsel claims should be evaluated by "considering all the circumstances."Strickland v. Washington, 466 U.S. 668, 688, 104 S.Ct. 2052,2065, 80 L.Ed.2d 674 (1984).
The appellant urges this court to conduct a complete review of the entire trial, pursuant to the plain error rule. Rule 45A, A.R.App.P. However, the plain error rule does not apply to Rule 32 proceedings, even if the case involves the death sentence. Thompson v. State, 615 So.2d 129 (Ala.Cr.App. 1992).
 II
The appellant argues that the trial court's holding that he received effective assistance of counsel at trial was improper. The appellant raises a number of claims regarding the alleged ineffectiveness of his counsel: that his counsel failed to investigate and to present evidence of the appellant's history of alcohol abuse; that his counsel failed to present evidence that the appellant was intoxicated when he committed the murder; that his counsel failed to have the voir dire proceedings and the attorneys' arguments transcribed; and that his counsel failed to present certain mitigating evidence at the guilt phase.
The appellant's claim that his trial counsel was ineffective for failing to have the voir dire proceedings and attorneys' arguments transcribed was never presented to the trial court, and, therefore, is not reviewable on appeal. Holladay v. State,629 So.2d 673 (Ala.Cr.App. 1992). The appellant also argues, in his brief, that his counsel was ineffective for failing to interview any of the psychiatrists at Searcy Hospital regarding the appellant's sanity. The appellant had been found to be competent by the psychiatrists at Searcy Hospital prior to his first trial. However, this claim was not raised in the appellant's post-conviction petition, and the appellant has not in any way demonstrated prejudice as to this matter. Two of the Searcy psychiatrists testified at the appellant's first trial that he was sane when he committed the murder. Cade v. State,375 So.2d 802, 815-17 (Ala.Cr.App. 1978).
Moreover, the appellant's argument concerning his trial counsel's ineffectiveness for failing to present evidence of the appellant's past history of alcohol abuse is also precluded from review, because the appellant failed to present this matter to the trial court. However, the appellant did argue in his petition that his counsel's performance was ineffective because, he says, counsel failed to investigate and to present evidence of the appellant's level of intoxication at the time of the murder. The appellant argues that evidence of his level of intoxication on the day of the murder would have been proof that he could not have formed the specific intent to kill necessary to sustain the conviction. At the hearing on the petition, the appellant's trial counsel testified that the main theory of defense at the appellant's first trial was diminished mental capacity. Because that theory proved unsuccessful, at the second trial defense counsel argued that the Alabama Supreme Court's revision of the death penalty statute inBeck v. State, 396 So.2d 645 (Ala. 1980), was an unconstitutional violation of the doctrine of separation of powers. Trial counsel testified that, although he had considered presenting an intoxication defense, he chose not to do so because, he says, he did not believe that the evidence supported an inference that the appellant was so intoxicated that he could not perform the requisite intent. Trial counsel testified that he felt that the defense asked the jury to believe the intoxication defense and the evidence did not support it, the defense would have lost credibility with the jury. "[I]f an attorney is aware of a line of defense and makes a conscious decision to reject it, rather than failing to raise it simply because he was unaware that it existed, it is more likely that *Page 42 
the failure to raise the defense was reasonable." Gates v.Zant, 863 F.2d 1492, 1498 (11th Cir.), cert. denied,493 U.S. 945, 110 S.Ct. 353, 107 L.Ed.2d 340 (1989). An attorney may reasonably decide to avoid presenting evidence that he believes will do more harm than good. Harris v. Dugger, 874 F.2d 756,763 (11th Cir.), cert. denied, 493 U.S. 1011, 110 S.Ct. 573,107 L.Ed.2d 568 (1989). "We decline to force [defense counsel] or any other attorney to travel an avenue which they genuinely fear will lead only to trouble for their client." Bell v.Lynaugh, 828 F.2d 1085, 1090, fn. 6 (5th Cir.), cert. denied,484 U.S. 933, 108 S.Ct. 310, 98 L.Ed.2d 268 (1987). The appellant's trial counsel represented the appellant for over 10 years, through 2 trials and 2 appeals. His trial counsel has, over the years, represented approximately 25 capital defendants. "A trial lawyer does not try each new case with his mind a blank slate; rather, he brings to the case the sum of his knowledge and experience gained through previous trials. This is what distinguishes the veteran litigator from the recent law school graduate." Laws v. Armontrout, 863 F.2d 1377,1393 (11th Cir. 1988), cert. denied, 490 U.S. 1040,109 S.Ct. 1944, 104 L.Ed.2d 415 (1989). "The more experienced an attorney is, the more likely it is that his decision to rely on his own experience and judgment in rejecting a defense without substantial investigation was reasonable under the circumstances." Gates v. Zant, 863 F.2d 1492, 1498 (11th Cir.), cert. denied, 493 U.S. 945, 110 S.Ct. 353, 107 L.Ed.2d 340
(1989).
Although the appellant argues that his counsel was ineffective for failing to present mitigating evidence at trial, he does not indicate what mitigating evidence might have been presented. The trial court found this claim to be meritless, because the appellant at the evidentiary hearing failed to introduce evidence to support this claim. The record supports this finding as correct.
 III
The appellant argues that his trial counsel was ineffective for failing to object to the introduction of certain allegedly inadmissible evidence. The evidence the appellant believes was objectionable was the testimony of a witness to the killing that the victim had told the appellant before the killing that he was under arrest, thus establishing the official or job-related act or performance alleged in the indictment and necessary for a capital murder conviction. The appellant argues that during the second trial this witness stated that she did not remember whether the sheriff had told the appellant that he was under arrest and, when the prosecutor attempted to refresh her recollection as to her testimony at the first trial by asking whether she had so testified, the witness responded, "I guess so." The appellant argues that this statement was not only inadmissible, but was also the only evidence presented by the State that the sheriff was in the process of arresting the appellant. In conjunction with the appellant's argument that the witness's statement was inadmissible, he argues that without the statement the State's evidence was insufficient to establish an element of the offense charged in the indictment.
The appellant has failed to raise the claim of ineffective assistance of counsel on this ground at the trial court. Therefore, this claim is procedurally barred from review.Holladay v. State, supra.
The trial court found this matter to be procedurally barred, because it had been addressed on appeal. The trial court stated: "This Court has reviewed the evidence contained in the transcript of Cade's trial and has discerned no basis for questioning the findings of the Alabama appellate courts that the evidence is sufficient to support a verdict of guilty of capital murder." See Cade v. State, 521 So.2d 80, 83
(Ala.Cr.App. 1986), affirmed, 521 So.2d 85 (Ala. 1987). "Our trial and appellate procedures are not so unreliable that we may not afford their completed operation any binding effect beyond the next in a series of endless post-conviction collateral attacks. To the contrary, a final judgment commands respect." Thompson v. State, 615 So.2d 129 (Ala.Cr.App. 1992), quoting United States v. Frady, 456 U.S. 152, 164-65,102 S.Ct. 1584, 1592-93, 71 L.Ed.2d 816 (1982). Thus, this issue is precluded from review. *Page 43 
 IV
The appellant argues that certain of the arguments made by the prosecutors to the jury during the sentencing phase were improper. The trial court found that these claims were procedurally barred, because they could have been, but were not, raised at trial or on appeal. These matters are precluded from review. See Rule 32.2(a)(3) and (a)(4), A.R.Cr.P.;Thompson v. State, supra.
 V
The appellant argues that the trial court erred in finding that all of his claims, except those alleging ineffective assistance of counsel, were procedurally barred. However, a review of the record indicates that the trial court's finding was proper. Moreover, the appellant's attempts to apply the federal procedural default rules in Alabama state courts is misplaced. See Rule 32, A.R.Cr.P. See also Cooper v.Wainwright, 807 F.2d 881, 886-87 (11th Cir. 1986), cert. denied, 481 U.S. 1050, 107 S.Ct. 2183, 95 L.Ed.2d 839 (1987);Harris v. Reed, 489 U.S. 255, 264, n. 10, 109 S.Ct. 1038, 1044, n. 10, 103 L.Ed.2d 308 (1989).
 "The procedural default grounds contained in Rule 32, A.R.Crim.P., apply with equal force to all cases, including those in which the petitioner has been sentenced to death. Nothing in Rule 32 suggests otherwise. Rule 32 makes no provision for different treatment of death penalty cases. Indeed, this court has specifically applied the procedural bars of Rule 20 (now Rule 32) to appeals from collateral attacks on convictions in death penalty cases. Duren v. State, 590 So.2d 360
(Ala.Cr.App. 1990), [aff'd] 590 So.2d 369 (Ala. 1991), cert. denied, ___ U.S. ___, 112 S.Ct. 1594, 118 L.Ed.2d 310 (1992); Gibson v. State, 580 So.2d 38 (Ala.Cr.App. 1990)."
Thompson v. State, supra, 615 So.2d at 131.
AFFIRMED.
All Judges concur.