IN RE ADVISORY OPINION TO COMMISSION ON PRACTICE.

No. 10910.
Decided May 5, 1971.
495 P.2d 1128.

**PER CURIAM:**

This memorandum advisory opinion is issued ex voluntate. It is not directed to any one case or based upon any single fact situation.

In the preamble to our order of January 5, 1965, this Court declared:

"Any acts committed by an attorney contrary to the highest standards of honesty, justice, or morality, including but not limited to those outlined in section 93-2026, R.C.M.1947, and the violations of the duties outlined in Chapter 21 of Title 93, R.C.M.1947, whether committed in his capacity as attorney or otherwise, may constitute cause for discipline. Where such act constitutes a felony or misdemeanor, conviction thereof in a criminal proceeding shall not be a condition precedent to suspension or to the institution of disciplinary proceedings, nor shall acquittal necessarily constitute a bar thereto. Any violation of the Canons of Professional Ethics as adopted by this Court may also constitute cause for discipline."

We emphasize that conviction in a criminal proceed-

ing is not a condition precedent to suspension or to the institution of disciplinary proceedings, nor shall acquittal necessarily constitute a bar thereto. It has appeared that in some instances criminal proceedings have satisfactorily taken care of issues involved in unethical conduct. In others, criminal proceedings have failed, either through failure of prosecution, failure of proof or even down-right incompetency. The institution of criminal proceedings should not deter the Commission from taking action if it is deemed appropriate. This action may only be suspension pending a determination of the facts, but in any event should protect the public interest and the integrity of the Bar. In these instances, we look to the Commission to protect the highest standards of the Bar. The honesty, justice and morality of the Bar must be protected. Even though an act falls short of an offense involving moral turpitude under case law prior to adoption by this Court of the Canons of Professional Ethics on September 28, 1965, and published in 145 Montana Reports, it may justify disbarment.

To that end, the Commission may find itself sitting in judgment on a case by case approach to develop overall guide lines to enforce the standards of professional ethics. It is to be noted that an individual act or omission may, in and of itself, be insufficient grounds for action; but that repeated violations establishing a pattern of conduct revealing a gross disregard for the highest standards of honesty, justice or morality may and should be grounds for disbarment, suspension, censure or a request for surrender of his license to practice law.

This advisory opinion clarifies the duties of the Commission on Practice. The Clerk shall transmit copies of this opinion to the Commission on Practice and to the District Judges.