[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 961 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 962 
The appellant, Billy Joe Magwood, was convicted on June 2, 1981, of the capital murder of the sheriff of Coffee County, in violation of § 13-11-2(a)(5), Code of Alabama 1975.[1] The murder occurred on March 1, 1979.[2] Thereafter, the appellant was sentenced to death by electrocution, and his conviction and sentence were affirmed on direct appeal to this court. Magwoodv. State, 426 So.2d 918 (Ala.Cr.App. 1982). That decision was affirmed by the Alabama Supreme Court on certiorari review. Exparte Magwood, 426 So.2d 929 (Ala. 1983). On July 13, 1983, the appellant filed a petition for writ of error coram nobis in the Circuit *Page 963 
Court of Coffee County, which the trial court denied. This court affirmed the denial, Magwood v. State, 449 So.2d 1267
(Ala.Cr.App. 1984), and a motion to permit the filing of an out-of-time appeal was subsequently denied by the Alabama Supreme Court. Ex parte Magwood, 453 So.2d 1349 (Ala. 1984).
Thereafter, on March 26, 1985, the United States District Court for the Middle District of Alabama upheld the appellant's conviction upon a review of a petition for a writ of habeas corpus filed by the appellant, but conditionally granted the writ as to the sentence, based on the failure of the sentencing court to find two mitigating circumstances. Magwood v. Smith,608 F. Supp. 218 (M.D.Ala. 1985). This decision was affirmed by the United States Eleventh Circuit Court of Appeals. Magwood v.Smith, 791 F.2d 1438 (11th Cir. 1986).
A resentencing hearing was held in the Circuit Court of Coffee County, and the appellant was again sentenced to death by electrocution. The resentencing was affirmed by this court,Magwood v. State, 548 So.2d 512 (Ala.Cr.App. 1988), and that decision was affirmed by the Alabama Supreme Court, Ex parteMagwood, 548 So.2d 516 (Ala. 1988). A petition for a writ of certiorari was then filed in the United States Supreme Court, which that Court denied. Magwood v. Alabama, 493 U.S. 923,110 S.Ct. 291, 107 L.Ed.2d 271 (1989). Rehearing was thereafter denied. Magwood v. Alabama, 493 U.S. 1037, 110 S.Ct. 764,107 L.Ed.2d 779 (1990).
Pursuant to former Temp. Rule 20, Ala.R.Crim.P.,[3] the appellant filed a petition in the Circuit Court of Coffee County seeking relief from his conviction and sentence of death. The State filed a response, arguing that the appellant had failed to plead any specific facts in support of his allegations, and stating that several grounds were precluded. Temp. Rule 20.2, Ala.R.Crim.P. Additionally, the State filed a notion for more definite statement or, in the alternative, for a partial dismissal. The trial court then ordered the appellant to file an amended petition or to provide specific facts in support of his allegations. Thereafter, the appellant amended his petition seven times, the final amendment being filed one week before the scheduled evidentiary hearing. The State responded by arguing that certain issues were precluded by Temp. Rule 20.2, Ala.R.Crim.P., and that the allegations were without merit. The petition was heard on April 15, 1992, and again on August 12 and 13, 1992; thereafter, on January 13, 1993, the trial court denied the petition. This appeal follows.
In this petition, the appellant claimed ineffective assistance of trial and appellate counsel and cited 47 alleged instances of ineffective assistance by his trial counsel, his appellate counsel, or both. He further alleged that he was denied his right to a full appellate review of his capital conviction and sentence because the trial court proceedings were not completely transcribed. He argued that his right to a fair trial by an impartial jury was violated by the trial court's failure to grant a change of venue. He argued that he was deprived of an impartial jury because certain potential jurors had been improperly excluded by the trial court. He argued that his rights to a fair trial by impartial jury were violated because the trial court restricted the voir dire examinations of perspective jurors. He argued that the prosecutor introduced prejudicial and inflammatory photographs and diagrams in violation of his constitutional rights. He argued that his Fifth, Eighth, and Fourteenth Amendment rights were violated by the imposition of the death sentence by the court on resentencing. He argued that his rights to a constitutionally fair sentencing hearing were violated by the trial court's instructions, which limited consideration of mitigating evidence.
He further argued that the application of the death penalty and the execution of mentally diseased persons violate the United States Constitution and the Alabama Constitution. He argued that Alabama's death *Page 964 
penalty is applied arbitrarily and discriminatorily and that black persons are significantly more likely to receive a death sentence in cases involving white victims. He argued that the re-sentencing court's failure to convene a jury and to weigh the jury's advisory verdict in sentencing him was contrary to constitutional law. The appellant argued that his death sentence exceeds the maximum sentence authorized by law for a violation of § 13-11-2(a)(5), Code of Alabama 1975, where no aggravating circumstances, as set forth in § 13-11-6, Code ofAlabama 1975, existed.
The appellant argued that certain newly discovered material facts required that his conviction and death sentence be vacated; this newly discovered evidence, he says, included statements made by the appellant and others dealing with his mental condition and other nonstatutory mitigating circumstances, as well as alleged misconduct by the State, certain jurors, and the judge who had presided over his trial and sentencing. The appellant submitted that the trial court's rejection of his insanity defense rendered his conviction illegal and unconstitutional. He argued that he was improperly and unconstitutionally tried and sentenced because, he says, during trial, he was under treatment for a mental disease and subject to the influence of antipsychotic drugs. He argued that his conviction and sentence were rendered under the influence of passion and prejudice by jurors, a judge, and defense counsel, all of whom knew the victim.
The trial court thereafter issued an opinion and order concerning this final amended Rule 32, Ala.R.Crim.P., petition by the appellant, succinctly dealing with each issue raised by the appellant, determining either that the claim was procedurally barred, was without merit, or both. This opinion and order by the trial court is attached to this opinion as Appendix A, and is adopted by this Court.
 I
The appellant argues that he was entitled to a full and fair hearing on the claims set forth in his petition. The appellant makes no further specific allegations within this claim.
The petitioner's burden of proof in a Rule 32 petition as established by Rule 32.3, Ala.R.Crim.P. (formerly Rule 20.3), is proof by a preponderance of the evidence of the facts which would entitle him to relief. Although the State has the burden of pleading any ground of preclusion, once that ground has been pleaded, the petitioner must disprove its existence by a preponderance of the evidence. Moreover, pursuant to Rule 32.9(a) (formerly Rule 20.9(a)), "The court in its discretion may take evidence by affidavits, written interrogatories, or depositions, in lieu of an evidentiary hearing, in which event the presence of the petitioner is not required." An evidentiary hearing need not be held if the trial court has before it "facts supporting the position of each party [that] are fully set out in . . . supporting affidavits." Johnson v. State,564 So.2d 1019, 1021 (Ala.Cr.App. 1989).
The record demonstrates that the trial court was supplied with a number of affidavits, depositions, reports, statements, and arguments concerning the issues raised by the appellant. Additionally, most of the claims raised by the appellant have been or could have been previously raised; therefore, as to these claims, the petitioner may not raise an issue that was previously raised and addressed in a prior proceeding, or that could have been addressed in a prior proceeding. See Rule 30.2, Ala.R.Crim.P. (formerly Rule 20.2, Ala.R.Crim.P.Temp.).
Based on the claims raised by the appellant and the documents before the trial court when the petition was denied, the trial court's summary denial of this petition was proper.
 II
The appellant argues that his death sentence was unconstitutional, that it was not authorized by the law, and that the court was without jurisdiction to impose this sentence. The appellant further argues that, for these reasons, his petition was not subject to the preclusionary grounds of Rule 32.2(a), Ala.R.Crim.P However, the record indicates that some of these claims have been previously addressed and rejected by this court, *Page 965 
and that some of these claims are factually constitutional issues subject to preclusion.
The appellant argues that the death penalty was improperly imposed, because, he says, his sentence was not supported by a statutory aggravating circumstance, in that there was not a corresponding aggravating circumstance set out in formerCode of Alabama 1975, § 13-11-6, for his conviction under former § 13-11-2(a)(5). In Magwood v. State, 548 So.2d 512, 513
(Ala.Cr.App. 1988), this court previously held, in affirming the appellant's resentencing to death by electrocution, that the offense defined at former § 13-11-2(a)(5), former Code ofAlabama 1975, was on its face a capital offense. Furthermore, this court noted that the murder of a law enforcement officer in the course of his duties is an offense for which the death penalty is generally imposed throughout Alabama. Id. This court further held that the trial court correctly found the existence of one statutory aggravating circumstance pursuant to Ex parteKyzer, 399 So.2d 330 (Ala. 1981). Id., citing Jackson v. State,501 So.2d 542 (Ala.Cr.App. 1986), cert. denied, 483 U.S. 1010,107 S.Ct. 3242, 97 L.Ed.2d 746 (1987). "This was the aggravation averred in the indictment that Magwood murdered a law-enforcement official while that official was on duty or because of some official or job-related act or performance of that official." Id. Thus, this issue has previously been decided adversely to the appellant.
The appellant argues that the death penalty has not generally been imposed in similar cases in Alabama, citing Tucker v.State, 537 So.2d 59 (Ala.Cr.App. 1988) (involving a conviction for murder as a lesser included offense of capital murder);Chatom v. State, 348 So.2d 838 (Ala. 1977) (the offense occurred November 17, 1975, during a period when no state was authorized to impose the death penalty); Billups v. State, 338 So.2d 478
(Ala.Cr.App. 1976) (the offense occurred in March 1975, when no state could impose the death penalty); Watkins v. State,495 So.2d 92 (Ala.Cr.App. 1986) (the victim's family asked the prosecutor not to seek the death penalty); Anderson v. State,542 So.2d 292 (Ala.Cr.App. 1987), cert. quashed, Ex parteAnderson, 542 So.2d 307 (Ala. 1989), cert. denied, 493 U.S. 836,110 S.Ct. 116, 107 L.Ed.2d 77 (1989) (the jury could not reach a unanimous advisory verdict). However, this court has previously addressed this issue in Magwood v. State, supra at 513, holding that "the murder of a law enforcement officer in the course of his duties is one for which the death penalty is generally imposed throughout this state." Id., citing Harrellv. State, 470 So.2d 1303 (Ala.Cr.App. 1984), affirmed,470 So.2d 1309 (Ala.), cert. denied, 474 U.S. 935, 106 S.Ct. 269,88 L.Ed.2d 276 (1985); Daniel v. State, 459 So.2d 933
(Ala.Cr.App.), remanded on other grounds, 459 So.2d 942
(Ala. 1982), affirmed on return to remand, 459 So.2d 944 (Ala.), affirmed, 459 So.2d 948 (Ala. 1984), cert. denied,471 U.S. 1009, 105 S.Ct. 1878, 85 L.Ed.2d 170 (1985). See also Cade v.State, 521 So.2d 80 (Ala.Cr.App. 1986), aff'd, 521 So.2d 85
(Ala. 1987), cert. denied, 488 U.S. 871, 109 S.Ct. 184,102 L.Ed.2d 153 (1988). Thus, this matter is precluded because it has been previously adjudicated by this court.
The appellant argued that the trial court erred in sentencing him, because, he argues, it considered an improper aggravating circumstance and disregarded mitigating evidence. However, the record indicates that, pursuant to the provisional granting of a writ of habeas corpus by the United States District Court for the Middle District of Alabama, affirmed by the Eleventh Circuit Court of Appeals, which required the sentencing court to consider two mitigating circumstances in re-sentencing the appellant, the sentencing court did so. The federal court stated that the trial court was not precluded from imposing a death sentence on the appellant after properly considering the mitigating circumstances. The Alabama Court of Criminal Appeals, on review of the trial court's re-sentencing, found that the circumstances were properly considered. Thus, this matter is precluded as having previously been addressed. SeeMagwood v. State, 548 So.2d 512 (Ala.Cr.App. 1988). Furthermore, despite the appellant's claim that the trial court relied on six nonstatutory aggravating circumstances, the trial court's findings clearly indicate that he found the existence of only one aggravating circumstance, *Page 966 
as provided by Ex parte Kyzer, supra. See Magwood v. State, supra, at 513.
The appellant argues that his resentencing proceeding was improper, because, he says, a jury was not empaneled to consider evidence. However, the conditional grant of the writ of habeas corpus by the federal courts ordered only that the sentencing court consider the mitigating circumstances, not that another advisory verdict by a jury be returned. Because the appellant's sentence has previously been reviewed and no error found in the jury phase of sentencing, this issue is without merit.
 III
The appellant argues that his claims of ineffective assistance of counsel were improperly denied and that he is entitled to a hearing on these claims. He further asserts that, because the same attorney represented him on direct appeal from the conviction and sentence and in the resentencing proceedings, this is his first opportunity to challenge this attorney's ineffectiveness. The State argues that these allegations of ineffectiveness concerning the counsel who had represented him at his original trial, on appeal, and during his subsequent resentencing and appeal were properly denied by the trial court because, he argues, they were precluded as having been raised or addressed on appeal or in a previous collateral proceeding, pursuant to Rule 32.2(a)(4), Ala.R.Crim.P. (formerly Rule 20.2(a)(4), Ala.R.Crim.P.Temp.), or as having been successive to his 1983 petition for a writ of error coram nobis, which was fully adjudicated. Ellison v.State, 593 So.2d 150 (Ala.Cr.App. 1991), overruled on other grounds, 629 So.2d 51 (Ala. 1993); Blount v. State,572 So.2d 498 (Ala.Cr.App. 1990).
Specifically, on appeal of the denial of the appellant's 1983 petition for a writ of error coram nobis, this court stated, concerning the claim of ineffective assistance of counsel at trial and on appeal, that "a full hearing was had on this issue at the trial level resulting in a determination that appellant was not denied effective assistance of counsel." Magwood v.State, 449 So.2d 1267, 1268 (Ala.Cr.App. 1984). This court ultimately concluded that "a careful review persuades us that the trial court was correct in its decision." Magwood v. State, supra, at 1268.
In his petition for a writ of habeas corpus filed in the United States Middle District for Alabama, the appellant also alleged ineffective assistance of counsel. These allegations were rejected by that court. Magwood v. Smith, 608 F. Supp. 218
(M.D.Ala. 1985). These claims were again rejected by the Eleventh Circuit Court of Appeals on appeal. Magwood v. Smith,791 F.2d 1438 (11th Cir. 1986). Thus, the appellant's claims of ineffective assistance as to his trial and appellate counsel are precluded from review. Rule 32.2(a)(4), Ala.R.Crim.P. See also Rule 32.2(b), Ala.R.Crim.P.
The record indicates that in its order in this case, the trial court found that the claims of ineffective assistance of counsel relating to the appellant's trial and appellate counsel were precluded as having been previously adjudicated in the appellant's 1983 petition for a writ of error coram nobis. The trial court further found that the only claims it needed to address were those concerning the ineffectiveness of the appellant's counsel on resentencing and on the appeal from resentencing. The trial court further held that, because of the nature of the allegations being raised, the attorney's testimony was not necessary to resolve those issues, because sufficient evidence had been presented from which the trial court could determine that the claims were without merit. The additional evidence that the appellant sought to admit, as noted by the trial court, was cumulative to evidence already in the record.
The trial court noted that because the attorney who represented the appellant at resentencing and on appeal for that proceeding did not become involved in this case until the resentencing hearing that resulted from the provisional grant of the writ of habeas corpus by the federal court, any evaluation of the attorney's performance must be based on the precise instructions by the federal court's order. Thus, although the appellant claims that this attorney failed to offer additional evidence to indicate that a sentence of life imprisonment without parole was more appropriate in his case, the federal court ordered *Page 967 
the resentencing court to consider only the existence of two mitigating circumstances. Similarly, the appellant's complaints that his attorney failed to introduce expert testimony and failed to challenge the trial court's consideration of a nonstatutory aggravating circumstance were matters outside the direction of what was to be considered by the resentencing court. The appellant further argues that his attorney should have argued that a death sentence was inappropriate and improperly applied in a conviction for the intentional murder of a police officer, and that the attorney should have challenged the testimony allegedly relied upon by the original sentencing court. Again, these matters were not to be addressed by the resentencing court.
The appellant also complains that his attorney should have presented information concerning his mental state. The two mitigating circumstances found to necessitate consideration by the sentencing court in the order by the federal courts were that the appellant killed the sheriff while "under the influence of extreme mental or emotional disturbance," § 13-11-7(2), Code of Alabama 1975, and that on the date of the offense his capacity "to appreciate the criminality of his conduct or to conform his conduct to the requirements of law was substantially impaired" § 13-11-7(6), Code of Alabama 1975. However, the record indicates that the appellant failed to make the threshold showing that his attorney's actions fell below the "objective standard of reasonableness." Moreover, because the additional evidence the appellant claims his attorney should have sought to have admitted at the resentencing hearing was cumulative of information already contained in the record, he further failed to demonstrate that he was prejudiced by any error on the part of his attorney. See, e.g., Williams v.State, 489 So.2d 4, 7 (Ala.Cr.App. 1986).
 "A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a break down in the adversary process that renders the result unreliable."
Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052,2064, 80 L.Ed.2d 674 (1984).
In the present case, the appellant has shown neither that his counsel at the resentencing hearing performed deficiently nor that he was prejudiced by counsel's performance. The appellant's claims of ineffective assistance of counsel concerning his attorney prior to re-sentencing were properly held to be precluded.
 IV
The appellant argues that he is entitled to a hearing on his claims of newly discovered evidence that he raised in his petition. In his order, the trial judge held that the appellant's claims as to newly discovered evidence were without merit, stating:
 "The matter[s] which Magwood claims are 'newly discovered material facts' are not, in fact, matters falling within the category of such evidence. Instead, what Magwood attempts to cast as newly discovered evidence is evidence that was known to the sentencing court at the time of Magwood's 1985 re-sentencing proceeding, and was in fact considered in passing sentence at that time. Moreover, to the extent that Magwood claims that sentencing imposed subsequent to his are in some way relevant to the matters before this court, that claims is wholly meritless because it would stand reason on its head to suggest that subsequent sentences should be considered in evaluating death sentences imposed previously. To do as Magwood suggests would mean that no sentence of death could ever be carried out because there would always be new death sentencing *Page 968 
with which the old death sentence should be compared. That is not the law because it is contrary to common sense. The court rejects that claim as without merit. To the extent that Magwood alleges other 'newly discovered evidence,' those claims are without merit and do not entitle Magwood to relief."
The allegedly newly discovered evidence to which the appellant refers concerns the following matters: the appellant's mental health, the jurors' relationship with a State's witness, the jurors' relationship with the victim,[4] and an alleged conflict of interest between the appellant and his defense counsel. As to the appellant's claim that he has newly discovered evidence concerning his mental health, he refers to a transcript of a pretrial hearing held pursuant to his motion for mental evaluation, during which two physicians testified that they believed that the appellant should be tested by mental health professionals. The appellant further refers to a letter that he wrote to defense counsel and a letter that he wrote to the trial court. However, this evidence does not amount to newly discovered material facts as defined by Rule 32.1(e), Ala.R.Crim.P., in that this evidence was known by the appellant or his defense counsel at the time of trial or sentencing and was cumulative of other evidence concerning the appellant's mental health. Moreover, the admission of this evidence would not have resulted in a different outcome at trial and it does not establish that the appellant is innocent of the crime or should not have received the death penalty.
Although the appellant claims that a number of jurors did not reveal their relationship with State's witness Thomas Weeks, the record indicates that the jurors were never examined as to whether they knew that witness or had any relationship with him. See State v. Hall, 183 N.J. Super. 224, 443 A.2d 767
(1982), aff'd, 93 N.J. 552, 461 A.2d 1155 (1983); cert. denied,464 U.S. 1008, 104 S.Ct. 526, 78 L.Ed.2d 709 (1983) (the defendant's contention that he should be granted a new trial based on newly discovered evidence of an alleged relationship between a juror and two of the State's witnesses was without merit because this "newly discovered evidence" was discoverable by reasonable diligence before trial, had the appellant or his counsel properly questioned the witnesses or jurors.) See alsoUnited States v. Bell, 351 F.2d 868 (6th Cir. 1965), cert. denied, 383 U.S. 947, 86 S.Ct. 1200, 16 L.Ed.2d 210 (1966) (the defendant was not entitled to a new trial based on his claim that newly discovered evidence showed that a juror concealed the fact that she was personally acquainted with a government witness and that there was a relationship between them, because the relationship was not substantiated by the evidence). This claim by the appellant is unsubstantiated and because any alleged relationships could have been discovered through the exercise of reasonable diligence before trial, it is not newly discovered evidence.
Although the appellant claims, as newly discovered evidence, a conflict of interest based on his attorney's friendship with the victim, the record indicates that the appellant's trial attorney acknowledged this relationship to the jury and requested that they remain open-minded in considering the evidence, because, he said, the victim was such a character that he would have wanted the appellant to receive a fair trial. Thus, this claim does not amount to newly discovered evidence.
 V
The appellant argues that the trial court erred by allowing the State's "forensic examiner" to interrogate the appellant at Holman Prison. The appellant refers to an examination conducted by an expert witness for the State pursuant to the State's "Motion for Order Allowing Access for Psychological Evaluation," which the trial court granted. Although the appellant argues that this examination was conducted without notice, the trial court's order granting this motion states that the evaluation could have properly been held any time after January 9, 1992. The *Page 969 
appellant implies that the State wrongfully gained from the expert nonpsychological information regarding the appellant, including a statement by the appellant regarding the commission of this crime. The appellant argues that the State used the witness to obtain prejudicial and unauthorized discovery and to interrogate him without counsel being present. However, nothing in the record substantiates this claim by the appellant. It is clear that most psychological evaluations of criminal defendants include a statement by the defendant of his or her version of what happened on the occasion of the offense. See, e.g., Thomas v. State, 511 So.2d 248, 252 (Ala.Cr.App. 1987).
Moreover, the State's motion seeking this evaluation was made following the appellant's conviction, sentencing, and direct appeal. The State made the motion in connection with claims raised by the appellant's Rule 20 (Rule 32) petition. The appellant responded to the State's motion by indicating that no discussion or decision had been made by the defense as to whether any evidence concerning the appellant's psychological condition would be admitted at the hearing on the appellant's Rule 20 (Rule 32) petition.
In Ex parte Wilson, 571 So.2d 1251, 1258-59 (Ala. 1990), the Alabama Supreme Court addressed the collateral issue whether a defendant could be compelled to undergo a psychiatric evaluation, where the defendant argued that testimony of the State's expert was gained as a result of the evaluation, in violation of his Fifth, Sixth, Eighth and Fourteenth Amendment rights; the defendant relied heavily on Estelle v. Smith,451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981). The Alabama Supreme Court distinguished Ex parte Wilson from Estelle v.Smith, because the defendant in Wilson had entered a plea of not guilty by reason of insanity, whereas the defendant inEstelle v. Smith had introduced no psychiatric evidence and had not indicated that he might do so. The Alabama Supreme Court distinguished these cases stating:
 ". . . [T]he Supreme Court noted that 'a different situation arises where a defendant intends to introduce psychiatric evidence at the penalty phase' as opposed to the case where the defendant intends to offer no such evidence.[1]
Ex parte Wilson, 571 So.2d at 1259.
In the present case, the appellant during this trial, on his direct appeal, and in all post-conviction pleadings raised as a defense that he was suffering from a mental disease or defect.
Moreover, concerning the Sixth Amendment claim, the rule of law established in Estelle v. Smith, 451 U.S. 454,101 S.Ct. 1866, 68 L.Ed.2d 359 (1981), does not apply to the facts here, because, although this case involves the death penalty, the right to counsel does not extend to a psychological evaluation for the purpose of a subsequent Rule 32 petition. See generallyBrown v. Butler, 811 F.2d 938, 940-41 (5th Cir. 1987); Baumannv. United States, 692 F.2d 565, 574-78 (9th Cir. 1982) (refusing to extend Estelle v. Smith, supra, concerning an appellant's Sixth Amendment right to counsel, outside the narrow situation established in Estelle; noting that the United States Supreme Court restricted its consideration to "the circumstances of this case." Estelle v. Smith, 451 U.S. at 461,101 S.Ct. at 1872). This right to counsel does not attach to the psychiatric evaluation in the present case because it was not a "critical stage" of the proceeding "in which the prior advice of counsel is essential to guarantee the fairness of the trial itself within the rule of United States v. Wade, [388 U.S. 218,87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967)]." Baumann v. United States, 692 F.2d at 577. While a sentencing hearing is clearly a critical stage of the proceeding, Estelle v. Smith, supra;McDonald v. State, 668 So.2d 89 (Ala.Cr.App. 1995), this post-trial Rule 32 petition, which is a collateral attack of the appellant's conviction and sentence, does not constitute a critical stage of the proceedings. Cf. cases holding that a hearing on a motion for a new trial constitutes a *Page 970 
critical stage of the proceeding; e.g., Berry v. State,630 So.2d 127, 129 (Ala.Cr.App. 1983); King v. State, 613 So.2d 888,889-891 (Ala.Cr.App. 1993); Johnston v. Mizell, 912 F.2d 172
(7th Cir. 1990), cert. denied, 498 U.S. 1094, 111 S.Ct. 982,112 L.Ed.2d 1067 (1991); Menefield v. Borg, 881 F.2d 696 (9th Cir. 1989).
 "The courts have determined that a defendant has a right to appointed counsel at sentencing and in the first appeal granted as a matter of right from a criminal conviction. See generally, Committee Comments to Rule 6.1, Alabama Rules of Criminal Procedure. In Alabama, the right to appeal is statutory. See Alabama Code 1975, § 12-22-130."
King v. State, 613 So.2d at 890. Thus, an appellant had the right to counsel at a hearing on a motion for a new trial because such a hearing falls in the interim period between sentencing and the time for filing a direct appeal.
 "As a practical matter, the motion for a new trial is the defendant's last opportunity for an unconstrained review on the merits of the evidence against him. On appeal, both jury conclusions and the factual decisions of the trial court are either immune from review or treated under a highly deferential standard. Consequently, the defendant's failure to take full legal advantage of the statutory right substantially diminishes his ability to challenge the sufficiency of the evidence."
Menefield v. Borg, supra, at 698-99.
Because this hearing on the appellant's Rule 32 petition was not a "critical stage" of the proceedings, the appellant's Sixth Amendment right to counsel did not attach.
 VI
The appellant argues that he was deprived of a full and fair review of his conviction and sentence because, he says, his trial proceedings were not fully transcribed. The appellant alleges that there was a hearing on resentencing held on December 9, 1986, the transcript of which is not included in the record; moreover, he alleges that a page of voir dire examination was omitted, as well as some pretrial testimony of two experts as to his mental evaluation. However, these alleged omissions are matters that could have been raised on appeal. Furthermore, the record could have been supplemented by the appellant pursuant to Rule 10(f), Ala.R.App.P. For the foregoing reasons, this claim is precluded from review.
 VII
The appellant argues that the State withheld evidence in violation of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194,10 L.Ed.2d 215 (1963), and further prejudiced the appellant by claiming in the prosecutor's closing argument to the jury that this "disclosure" evidence, which was presented by the State, constituted a failure to present evidence on the part of the appellant. The appellant is apparently referring to a transcript of a probation revocation proceeding held in 1976, approximately three years before this offense. The transcript of this hearing is contained in the record and includes the testimony of a probation officer and the appellant. The appellant has failed to provide any evidence tending to prove that the transcript was suppressed by the State or that it was material or even exculpatory. Thus, he has failed to establish the predicate for proving a violation of Brady v. Maryland, supra.
 VIII
The appellant argues that the trial court abused its discretion in failing to release his approved funds and in declining to impose sanctions and costs for the State's violation of the writ of mandamus issued by the Alabama Court of Criminal Appeals.
Regarding the appellant's claim that the trial court abused its discretion in failing to release approved funds, specifically $5,000 awarded by the trial court for investigative funds, the State on appeal notes that this matter was addressed in ex parte communications between the trial court and defense counsel; therefore, the State asserts that it cannot respond to these claims. The record on appeal contains an order issued by the trial court, granting the appellant $5,000 and ordering that he, through his defense counsel *Page 971 
should, "prepare an accounting on the use of these monies to be submitted to this court, ex parte, in camera, on a monthly basis." Thereafter, another order was issued by the trial judge stating that, before he had signed the initial order, the trial judge had conferred with defense counsel, acknowledging that he would sign the order but would issue another order limiting the appellant's use of the funds. The order further stated that the appellant could not spend any of the funds "except as later ordered by this court." No further requests for any of this money, or any grant or denial of the expenditure of this money by the trial court appears in the record. Thus, there is no indication in the record that the appellant was not allowed to expend monies that were granted to him.
 " ' "This court cannot predicate error on matters not shown by the record, nor can we presume error from a silent record." Smelcher v. State, 520 So.2d 229 (Ala.Cr.App. 1987); Abbott v. State, 494 So.2d 789 (Ala.Cr.App. 1986). "Where the record is silent on appeal, it will be presumed that what ought to have been done was not only done, but rightly done." Jolly v. State, 405 So.2d 76 (Ala.Cr.App. 1981); Watson v. State, 398 So.2d 320 (Ala.Cr.App. 1980), writ denied, 398 So.2d 332 (Ala), cert. denied, 452 U.S. 941, 101 S.Ct. 3085, 69 L.Ed.2d 955 (1981).' "
Gaddy v. State, [CR-90-1429, May 26, 1995] ___ So.2d ___ (Ala.Cr.App. 1995), quoting Owens v. State, 597 So.2d 734, 736
(Ala.Cr.App. 1992).
The appellant claims that the trial court erred in failing to award sanctions and costs against the State because of the deposition of a State's expert witness. Apparently, the appellant argues that the State attempted to prevent the appellant from deposing Dr. McClaren a second time because, he says, the State had been informed in a telephone conversation that defense counsel would be at a particular, location in Florida to conduct the deposition but Dr. McClaren did not appear. However, the State alleges that this was the result of a misunderstanding and argues that a review of the transcribed telephone conversation reveals that defense counsel indicated that they would be in Alabama for the deposition. Following this telephone conversation, the trial court telephoned the State's expert and ordered him to appear at the place of deposition in Florida, which he did. The appellant thereafter requested the trial court to award sanctions and costs based on this alleged misconduct by the State. In its brief on appeal, the State argues that it also filed a motion for sanctions, which, like the appellant's motion, the trial court did not rule on.
The appellant's motion alleges that the deposition was set for July 16 in Tallahassee, Florida. The appellant argues that an assistant attorney general informed defense counsel on July 10 that the deposition had to be rescheduled for July 17 at 1:00 p.m. The appellant alleges that, during that conversation, the assistant attorney general asked defense counsel if he would be deposing the State's expert in Florida, to which the defense counsel responded, "Yes." The appellant states that the assistant attorney general responded that he planned to defend the deposition by telephone. In his motion, the appellant then asserts that at the appointed time and location defense counsel received a telephone call from the assistant attorney general and then informed him that the witness had not yet arrived at the deposition. The assistant attorney general stated that the witness was in Chattahoochee, Florida, and would be appearing by telephone. Defense counsel then contacted the trial court, who ordered the State to produce the witness at the appointed place of deposition within an hour and a half. The appellant asserts that the witness arrived at the deposition 40 minutes later, and the deposition began at approximately 3:00 p.m. The appellant also argues in his motion that the assistant attorney general, during the deposition, shouted inappropriately at the defense counsel, entered numerous and frivolous objections, and entered an unnecessary motion; these actions are alleged to have been an intentional means of preventing the defense counsel from effectively deposing the witness.
The record also contains the State's response to the motion and the State's motion for sanctions and costs. In this motion, the State alleges that defense counsel misstated *Page 972 
the facts in their motion and that the July 17 date for the deposition was actually set by defense counsel, who called an assistant attorney general, while the lead counsel for the State was unavailable; the State alleges that defense preferred this date, because the State's lead counsel had previously rejected that date. The State also refutes defense counsel's claim that the assistant attorney general had asked if they would personally be taking the deposition in Florida, and refers to the transcript of a previous telephone conversation. That transcribed conversation, which is included in the record, indicates that the assistant attorney general asked defense counsel, whose offices are located in New York, if they were "coming down" for the deposition. One responded, "Yes," while the other responded, "Yeah, we are going to be down in Alabama." The assistant attorney general then stated, "Then I assume y'all have no problem with us appearing by telephone if that's necessary." Defense counsel then indicated that this arrangement would be satisfactory. An affidavit by another assistant attorney general appears in the record, stating that he left a message with defense counsel's office in New York confirming that the deposition would be conducted by telephone. The State, in its motion, alleges that the first instance of defense counsel's objecting to the deposition being taken by telephone was at the deposition. The State further denies any inappropriate conduct during the deposition, claiming that the deposition was overly long, abusive, and frivolous. The State also submits that the transcript of the deposition reflects that the State's expert was cooperative and forthcoming with his answers. The State argues that it was entitled to sanctions and costs against defense counsel for their abusive and obstructionist tactics.
Although the alleged conduct by the prosecutor, if proven, may in some cases warrant sanctions or ethical actions by the aggrieved parties,[5] a Rule 32 petition for post-conviction remedy is not the proper method of presenting these claims, because it does not fall within the defined scope of this remedy. See Rule 32.1, Ala.R.Crim.P. This claim does not present newly discovered material facts; it does not allege that the appellant is being held in custody following the expiration of his sentence, or that the sentence imposed exceeds the maximum authorized by law, or that the court was without jurisdiction to render judgment or impose sentence, or that the United States or Alabama Constitution requires a new trial, new sentence, or other relief. Cf. Ex parte Strickland,550 So.2d 1054 (Ala. 1989) (the appellant's claims that his due process rights were violated by allowing deposition, although he had not been given formal notice of the deposition or granted a hearing before the trial court's grant of the State's motion for videotaped deposition, were procedural in nature, but do not amount to a denial of procedural due process.)
 IX
The appellant alleges that his conviction and sentence were unconstitutionally and illegally obtained, and that his execution would violate the Eighth and Fourteenth Amendments of the Constitution. Specifically, the appellant appears to contend that a determination of competency should be required prior to execution and, moreover, that the State had administered antipsychotic drugs to him, against his will, for years, presumably in order to make him appear competent. The appellant submits no evidence tending to prove this latter claim and thus has failed to meet the requirement of a full disclosure of the factual basis for this ground. See Rule 32.6(b), Ala.R.Crim.P.
In a capital case in Alabama, the trial court is required, pursuant to § 15-16-22, Code of Alabama 1975, to order the mental examination of a capital defendant whenever it is informed that there is a reasonable ground to believe that the defendant may lack the capacity to proceed or continue to trial or when it is notified that the defendant may proceed with a defense asserting that he or she was suffering from a mental disease *Page 973 
or mental defect. Case law has consistently held that this section is not mandatory unless the evidence places the appellant's sanity in doubt and that the decision to order a mental evaluation is discretionary with the trial court. See e.g., Moore v. State, 52 Ala. App. 179, 290 So.2d 246 (1974);Gales v. State, 338 So.2d 436 (Ala.Cr.App.), cert. denied,338 So.2d 438 (Ala. 1976); Duncan v. State, 46 Ala. App. 732,248 So.2d 771 (1971); Lokos v. Capps, 625 F.2d 1258 (5th Cir. 1980). However, the exercise of the trial court's discretion may be reviewed on appeal for abuse. Brown v. State, 45 Ala. App. 391,231 So.2d 167 (1970). See also Pardue v. State, 661 So.2d 263
(Ala.Cr.App. 1993), rev'd on other grounds, 661 So.2d 268
(1994), on remand, 661 So.2d 274 (1995).
Moreover, pursuant to § 15-16-23, Code of Alabama 1975, if after a defendant is convicted of capital murder and sentenced to death, a trial court believes that the defendant is then insane, the trial court shall order the execution suspended until the defendant is restored to sanity. The standards and guidelines concerning this Code section are analogous to those concerning the determination of competence to stand trial established in § 15-16-22, supra.
Furthermore, the appellant has previously challenged the constitutionality of § 15-16-23, Code of Alabama 1975. SeeMagwood v. Smith, 791 F.2d 1438 (11th Cir. 1986). In that case, the appellant complained that the Alabama statute left the determination of sanity to the trial court's "unbridled discretion" and failed to notify a practitioner "as to what evidence is needed to satisfy the statute's requirement." Id.
at 1445-46. The appellant had previously raised this claim in federal district court, wherein the merits were not reached, because the appellant was evaluated and found to be presently sane. The Eleventh Circuit Court of Appeals found that the appellant did have standing to raise this issue and held that Alabama common law set out guidelines for a trial court's determination of a death row inmate's present sanity; specifically whether he has " 'sufficient present ability to consult with an attorney with a reasonable degree of rational understanding and whether he has rational as well as factual understanding of the proceedings against him.' " Id. at 1446. The Court of Appeals upheld § 15-16-23 against the constitutional challenge, and affirmed the Federal district court's finding that the appellant was sane, competent and capable of assisting counsel pertaining to that petition for a writ of error. Id. at 1446-47. Thus, as this matter was raised and addressed in a previous collateral proceeding, this ground is precluded from review by this court. Rule 32.2(4), Ala.R.Crim.P.
The Order of the trial court dismissing this petition is due to be affirmed.
AFFIRMED.
PATTERSON and COBB, JJ., concur.
TAYLOR, P.J., concurs in part and concurs in the result in part, with opinion, in which LONG, J., joins.
[1] Section 13-11-2(a)(5) was transferred to § 13A-5-31, upon adoption of the Alabama Criminal Code. That section was subsequently repealed by Act No. 81-178, 1981 Ala. Acts, effective July 1, 1981.
[2] The offense occurred after the effective date of the Alabama Criminal Code. The appellant was convicted under the former capital punishment statutory sentence.
[3] Effective January 1, 1991, the Alabama Supreme Court adopted the Alabama Rules of Criminal Procedure, which replaced the Temporary Rules. Rule 32 is the present rule that corresponds to Temp. Rule 20. Although the appellant's petition was filed as Rule 20 petition, we will refer to it as a Rule 32 petition. See Rule 1.5, Ala.Cr.Crim.P.
[4] Although the appellant raises this claim in his brief to the court, it is otherwise unsubstantiated. The record reveals that a number of potential jurors did acknowledge during voir dire examination that they knew the victim.
[1] [Id. 451 U.S. at 472, 101 S.Ct. at 1877. The Supreme Court noted that the Fifth Circuit 'carefully left open' the possibility that a defendant who intends to offer psychiatric evidence at the penalty phase of a trial could be precluded from offering such evidence unless he consents to examination by the State's own psychiatric expert. Estelle,451 U.S. at 466, n. 10, 101 S.Ct. at 1874 n. 10."
[5] See e.g., In the matter of Sharon Lynn Lapin, 2 Cal. State Bar Ct.Rptr. 279, 1993 WL 45077 (Feb. 11, 1993); In the matter ofBelue, 232 Mont. 365, 766 P.2d 206 (1988); Principe v. AssayPartners, 154 Misc.2d 702, 586 N.Y.S.2d 182 (1992).